UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

MARK DIAZ,

                                             Plaintiff,

                    -against-

CITY OF NEW YORK, NOEL DAMICO, Individually,
MATTHEW DEMAIO, Individually, MELISSA CLARK,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                             Defendants.

-------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

16 CV 2159
(NGG) (LB)

<u>Jury Trial Demanded</u>

        Plaintiff MARK DIAZ, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the

defendants, respectfully alleges as follows:

## **Preliminary Statement**

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## **JURISDICTION**

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## **VENUE**

        4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff MARK DIAZ is a forty-three-year-old Hispanic American resident of the State of New York, Kings County.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, NOEL DAMICO, MATTHEW DEMAIO, MELISSA CLARK, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.  MELISSA CLARK held the supervisory rank of Sergeant.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.     On May 12, 2015, at approximately 11:30 p.m., on the public sidewalk in the vicinity of 520 Barbey Street, Brooklyn, New York, defendant NYPD officers needlessly subjected plaintiff MARK DIAZ to excessive force and unlawfully arrested him.

13.     At the aforementioned date and time, plaintiff lawfully approached a group of NYPD officers believed to include, but which is not limited to, defendant Officers NOEL DAMICO, MATTHEW DEMAIO, and Sergeant MELISSA CLARK, to ask a question.

14.     Plaintiff did not interfere with the defendant officers' duties and did not otherwise engage in any unlawful behavior.

15.     Although plaintiff had neither committed any crime or offense, nor had he engaged in any behavior justifying the use of force, defendant JOHN DOE 1, a white male NYPD officer, forcefully pushed plaintiff into a parked vehicle and then pushed him a second time, and then defendant NOEL DAMICO forcefully, violently, needlessly, and otherwise unreasonably threw plaintiff to the ground.

16.     Plaintiff stood up, and was then handcuffed and arrested by defendant DAMICO, on the authority of defendant MELISSA CLARK, and in the presence of other defendant officers including, without limitation, defendants MATTHEW DEMAIO, JOHN DOE 2, a white, male officer, and JANE DOE 1, a white, female officer.

17.     Plaintiff was then needlessly imprisoned in a police vehicle and transported to the 75th Police Precinct and imprisoned therein.

18.     From the 75th Police Precinct, plaintiff was transported in police custody by ambulance to Brookdale University Hospital and Medical Center for medical treatment for

3

injuries sustained as a result of the defendant officers' use of excessive force and/or failure to intervene.

19. Plaintiff was diagnosed with injuries including, but not limited to, trauma to his head and neck and abrasions to his face. Plaintiff also sustained trauma to his ribs. Plaintiff was released with discharge paperwork indicating that he had sustained a fracture of his face bones.

20. The defendant officers continued to imprison plaintiff until the evening of May 13, 2015, when plaintiff was arraigned in Kings County Criminal Court on baseless charges filed under docket number 2015KN030537; said charges having been filed based on the false allegations of the defendant NOEL DAMICO.

21. The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid being disciplined for the above described abuses of authority.

22. Defendant police officers created and manufactured false evidence which defendant NOEL DAMICO conveyed to the Kings County District Attorney's office ("KCDAO"). The KCDAO used same against plaintiff in the aforementioned legal proceeding. Specifically, defendant NOEL DAMICO swore to false claims which formed the basis of the purported criminal charges of obstruction of governmental administration, attempted criminal mischief, harassment, and disorderly conduct that were filed against plaintiff.

23. As a result of the defendants' conduct, plaintiff was compelled to return to court on two occasions until September 8, 2015, when, upon the application of the KCDAO, all charges filed against plaintiff were dismissed and sealed.

24. Defendants NOEL DAMICO, MATTHEW DEMAIO, MELISSA CLARK, and

4

JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

25.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, employing excessive force, falsification, lax investigations of police misconduct, and of covering up abuse by fellow officers.

26.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and engage in cover ups of police abuse.

27.     For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

28.     Further, with respect to the custom and practice of using excessive force, and lack of training in that regard, the New York City Department of Investigation Office of the Inspector General for the NYPD issued a report on October 1, 2015, available on the City of New York's

website at http://www.nyc.gov/html/oignypd/assets/downloads/pdf/oig_nypd_use_of_force

_report_-_oct_1_2015.pdf.  Said report acknowledged that between the years of 2010 and 2014

the Civilian Complaint Review Board substantiated 179 force cases.  The report further affirmed

the lack of proper training, policies, practices, and discipline of NYPD officers with respect to

use of force, finding that the "NYPD's current use-of-force policy is vague and imprecise,

providing little guidance to individual officers on what actions constitute force."  The report

further found that the NYPD frequently failed to impose discipline when provided with evidence

of excessive force.

29.     Defendant CITY OF NEW YORK is further aware that such improper training

has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW

YORK has failed to take corrective action.  This failure caused the officers in the present case to

violate the plaintiffs' civil rights.

30.     Moreover, upon information and belief, defendant CITY OF NEW YORK was

aware, prior to the incident, that the individual defendants lacked the objectivity, temperament,

maturity, discretion, and disposition to be employed as police officers.  Despite such notice,

defendant CITY of NEW YORK has retained these officers, and failed to adequately train and

supervise them.

31.     All of the aforementioned acts of defendants, their agents, servants and employees

were carried out under the color of state law.

32.     All of the aforementioned acts deprived plaintiff MARK DIAZ of the rights,

privileges and immunities guaranteed to citizens of the United States by the Fourth and

Fourteenth Amendments to the Constitution of the United States of America, and in violation of

42 U.S.C. §1983.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

34.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35.     As a result of the foregoing, plaintiff MARK DIAZ sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 Against the Individually Named Defendants)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendant officers arrested plaintiff MARK DIAZ without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

38.     Defendant officers caused plaintiff MARK DIAZ to be falsely arrested and unlawfully imprisoned.

39.     As a result of the foregoing, plaintiff MARK DIAZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

7

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 Against the Individually Named Defendants)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     The level of force employed by defendant officers was excessive, objectively unreasonable and otherwise in violation of plaintiff MARK DIAZ'S constitutional rights.

42.     As a result of the aforementioned conduct of the defendant officers, plaintiff MARK DIAZ was subjected to excessive force and sustained serious physical injuries and emotional distress.

43.     As a result of the foregoing, plaintiff MARK DIAZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THRID CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983 Against the Individually Named Defendants)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendant NOEL DAMICO issued criminal process against plaintiff MARK DIAZ by causing his arrest and prosecution in criminal court.

46.     Defendant NOEL DAMICO caused plaintiff MARK DIAZ to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for his and his fellow officer's acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

8

47.     As a result of the foregoing, plaintiff MARK DIAZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983 Against the Individually Named Defendants)

48.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff MARK DIAZ.

50.     Defendants caused plaintiff MARK DIAZ to be prosecuted without any probable cause until the charges were dismissed on or about September 8, 2015.

51.     As a result of the foregoing, plaintiff MARK DIAZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 Against the Individually Named Defendants)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendant officers created false evidence against plaintiff MARK DIAZ.

54.     Defendant NOEL DAMICO utilized this false evidence against plaintiff MARK DIAZ in legal proceedings.

9

55.     As a result of defendants' creation and use of false evidence, which defendant NOEL DAMICO conveyed to the Kings County District Attorney's Office, plaintiff MARK DIAZ suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

56.     As a result of the foregoing, plaintiff MARK DIAZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 Against the Individually Named Defendants)

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Defendants had an affirmative duty to intervene on behalf of plaintiff MARK DIAZ, whose constitutional rights were being violated in their presence by other officers.

59.     The defendants failed to intervene to prevent the unlawful conduct described herein.

60.     As a result of the foregoing, plaintiff MARK DIAZ was subjected to excessive force, he was denied his right to a fair trial, and he was put in fear of his safety.

61.     As a result of the foregoing, plaintiff MARK DIAZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983 Against Defendant CLARK and Other
Supervisory Defendants)

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in
paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     The supervisory defendants personally caused plaintiff's constitutional injury by
being deliberately or consciously indifferent to the rights of others in failing to properly
supervise and train their subordinate employees.

64.     As a result of the foregoing, plaintiff MARK DIAZ is entitled to compensatory
damages in an amount to be fixed by a jury, and is further entitled to punitive damages against
the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,
costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 Against Defendant City of New York)

65.     Plaintiff repeats, reiterates and realleges each and every allegation contained in
paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendants, collectively and individually, while acting under color of state law,
engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective
municipality/authority, which is forbidden by the Constitution of the United States.

67.     The aforementioned customs, policies, usages, practices, procedures and rules of
the City of New York Police Department included, but were not limited to, using excessive force
against individuals and then covering up said acts by manufacturing evidence and otherwise
engaging in falsification, thereby depriving individuals of their right to a fair trial.  In addition,
the City of New York engaged in a policy, custom or practice of inadequate screening, hiring,

retaining, training and supervising its employees that was the moving force behind the violation of plaintiff MARK DIAZ'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

68.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MARK DIAZ.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MARK DIAZ as alleged herein.

70.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MARK DIAZ as alleged herein.

71.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff MARK DIAZ was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

72.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MARK DIAZ'S constitutional rights.

73.     All of the foregoing acts by defendants deprived plaintiff MARK DIAZ of federally protected rights, including, but not limited to, the right:

A.      To be free from false arrest/unlawful imprisonment;

12

B.    To be free from excessive force;

C.    To be free from malicious prosecution;

D.    To receive a fair trial; and

E.    To be free from the failure to intervene.

74.    As a result of the foregoing, plaintiff MARK DIAZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

75.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

77.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

78.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

79.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

80.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
(<u>Assault under the laws of the State of New York Against All Defendants</u>)

81.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     As a result of the foregoing, plaintiff MARK DIAZ was placed in apprehension of imminent harmful and offensive bodily contact.

83.     As a result of defendant's conduct, plaintiff MARK DIAZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

84.     The individually named defendants assaulted plaintiff.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

85.     As a result of the foregoing, plaintiff MARK DIAZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(<u>Battery under the laws of the State of New York Against All Defendants</u>)

86.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     Defendants made offensive contact with plaintiff MARK DIAZ without privilege or consent.

88.     As a result of defendants' conduct, plaintiff MARK DIAZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and

humiliation.

89.     The individually named defendants battered plaintiffs.   Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

90.     As a result of the foregoing, plaintiff MARK DIAZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Malicious Abuse of Process under laws of the State of New York Against All Defendants)

91.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     Defendant NOEL DAMICO issued criminal process against plaintiff MARK DIAZ by causing him to be arrested and causing his appearance in Kings County Criminal Court.

93.     Defendant NOEL DAMICO compelled plaintiff's appearance to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for him and his fellow officers for their abuse of authority.

94.     Defendant City, as employer of NOEL DAMICO, is responsible for his wrongdoing under the doctrine of *respondeat superior.*

95.     As a result of the foregoing, plaintiff MARK DIAZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York Against All Defendants)

96.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

97.    The defendant officers initiated, commenced and continued a malicious prosecution against plaintiff MARK DIAZ.

98.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

99.    Defendants caused plaintiff MARK DIAZ to be prosecuted without probable cause until the charges were dismissed on or about September 8, 2015.

100.    As a result of the foregoing, plaintiff MARK DIAZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THRITEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York Against All Defendants)

101.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

103.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

16

104.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

105.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff MARK DIAZ.

106.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

107.    As a result of the aforementioned conduct, plaintiff MARK DIAZ suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

108.    As a result of the foregoing, plaintiff MARK DIAZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

109.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered and manufactured evidence against plaintiff MARK DIAZ.

111.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

17

112.    As a result of the foregoing, plaintiff MARK DIAZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

113.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.    Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff, maliciously issued criminal process to plaintiff, and who deprived plaintiff of his right to a fair trial.

115.    As a result of the foregoing, plaintiff MARK DIAZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York Against All Defendants)

116.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    Plaintiff's injuries herein were caused by the carelessness, recklessness and

negligence of defendant CITY OF NEW YORK and its employee defendants, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

118.    Defendant City, as employer of the defendant officers is responsible for their negligent acts under the doctrine of *respondeat superior*

119.    As a result of the foregoing, plaintiff MARK DIAZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12 against Defendant City of New York)

120.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.    As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions, including, without limitation, to be free from false arrest, malicious prosecution, fabrication of evidence, and excessive force.

122.    As a result of the foregoing, plaintiff MARK DIAZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MARK DIAZ demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
       February 17, 2017

                              BRETT H. KLEIN, ESQ., PLLC
                              Attorneys for Plaintiff MARK DIAZ
                              305 Broadway, Suite 600
                              New York, New York 10007
                              (212) 335-0132

                              By:      s/ Brett Klein_____
                                     BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MARK DIAZ,

                                        Plaintiff,

                                                                    16 CV 2159
            -against-                                               (NGG) (LB)

CITY OF NEW YORK, NOEL DAMICO, Individually,
MATTHEW DEMAIO, Individually, MELISSA CLARK,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132